**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| TONI ANDRADE, individually and on behalf of all others similarly situated, | **Case No.  1:26-cv-1659** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ORACLE CORPORATION; GLENDALE COMMUNITY COLLEGE, | |
| Defendants. | |

Plaintiff Toni Andrade, individually and on behalf of all others similarly situated, asserts the following against Defendants Oracle Corporation ("Oracle") and Glendale Community College ("GCC") (collectively, "Defendants") based on personal knowledge, where applicable, information and belief, and the investigation of counsel.

## INTRODUCTION

1. On or about June 15, 2026, public reporting from the dark web revealed that over 62 gigabytes of Glendale Community College data, comprising approximately 304,000 files, were compromised across Oracle's PeopleSoft Campus Solutions (the "Data Breach").

2. The Data Breach exposed 150,000+ GCC student records, including the names, dates of birth, emails, login and enrollment mapping files, new student enrollment CSVs, immunization compliance logs, admission checklist reports, financial aid batch exports, and transcript PDFs spanning September 2020 through June 2026.

3.      The Data Breach was the result of a ransomware attack. Malicious code infiltrated Oracle's PeopleSoft applications between May 27, 2026, and June 9, 2026.

4.      On June 10, 2026, Oracle issued a security alert regarding a vulnerability in the software that could be exploited remotely.

5.       As a result of the Defendants' inadequate data security practices and failure to safeguard personally identifiable information ("PII"), Plaintiff and other affected individuals suffered injury, including the theft of their data, invasion of privacy, and the risk of identity theft and fraud.

6.      Plaintiff brings this action to seek compensatory damages, consequential damages, and injunctive relief. Plaintiff asserts claims against the Defendants for negligence, negligence per se, unjust enrichment, and breach of implied contract.

## **PARTIES**

7.      Plaintiff Toni Andrade is a natural person and a citizen and resident of South Pasadena, California, where they intend to remain.

8.      Plaintiff is a former student of Defendant GCC. As a student, Plaintiff entrusted their private and sensitive personal information to GCC, relying on their duty to safeguard such data. Plaintiff is a victim of the Data Breach described herein.

9.      Defendant Oracle Corporation is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located at 2300 Oracle Way, Austin, Texas 78741. Defendant develops, markets, and maintains the PeopleSoft Campus Solutions software suite, which Defendant Glendale Community College utilizes for its central student information system.

2

10.    Defendant Glendale Community College is a two-year community college with its headquarters located at 1500 North Verdugo Road, Glendale, California 91208.

11.    Defendant Glendale Community College collects, stores, and processes the PII of its students and former students, including Plaintiff, through its use of Defendant Oracle Corporation's PeopleSoft Campus Solutions platform.

12.    Plaintiff's PII was compromised in the Data Breach, which involved the unauthorized access and exfiltration of data from Defendant Oracle Corporation's PeopleSoft applications. The Data Breach occurred between May 27, 2026, and June 9, 2026, as identified by Google Threat Intelligence Group and Mandiant.

13.    On or about June 15, 2026, public reporting from the dark web revealed that over 62 gigabytes of Defendant GCC data, comprising approximately 304,000+ files, were compromised. The Data Breach was the result of a ransomware attack that exploited a vulnerability in Defendant Oracle's software, for which Oracle issued a security alert on June 10, 2026.

14.    Plaintiff has suffered injury as a result of the Data Breach, including the loss of privacy, the risk of identity theft and fraud, and the necessity of incurring costs to monitor and mitigate the consequences of the unauthorized disclosure of their PII.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. Many Plaintiff and Defendants are citizens of different states. And there are over one-hundred putative Class Members.

16.     This Court has personal jurisdiction over Defendants because they have sufficient minimum contacts in Texas. The corporate headquarters of Oracle is in Texas, and GCC conducted substantial business in Texas with Oracle. On information and belief, GCC purposefully transmitted the PII of Plaintiff and Class Members to Oracle in Texas.

17.     Venue is proper in this Court because the corporate headquarters of Oracle is in this District and because a substantial part of the events, acts, and omissions giving rise to the claims of Plaintiff occurred in this District. On information and belief, GCC purposefully transmitted the PII of Plaintiff and Class Members to Oracle in this District.

## **FACTUAL BACKGROUND**

18.     GCC utilized Oracle's PeopleSoft Campus Solutions software suite to manage their enterprise resource planning and human capital management functions. PeopleSoft Campus Solutions serves as a central Student Information System (SIS) for higher education institutions, managing the entire student lifecycle, including recruitment, admissions, enrollment, financial aid, billing, and graduation.

19.     Plaintiff, as a former student of GCC, provided GCC with their sensitive PII, including but not limited to their name, contact information, student identification details, and financial aid records, in reliance on their duty to safeguard such data.

20.     On or around June 15, 2026, public reporting from the dark web revealed that over 62 gigabytes of Glendale Community College data, comprising approximately 304,000+ files, were compromised across Oracle's PeopleSoft Campus Solutions environment.

21.     Public reporting indicates that the compromise of this data was the result of a ransomware attack.

22. According to Google Threat Intelligence Group and the cybersecurity firm Mandiant, malicious code infiltrated Oracle's PeopleSoft applications between May 27, 2026, and June 9, 2026.

23. On June 10, 2026, Oracle issued a security alert for PeopleSoft users, acknowledging that the software contained a vulnerability that could be exploited remotely.

24. Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the PII entrusted to them. Specifically, Defendants failed to adequately protect the data against the foreseeable risk of ransomware attacks and the exploitation of known vulnerabilities in their PeopleSoft systems.

25. The data breach exposed Plaintiff and other Class Members to a present and continuing risk of identity theft, fraud, and financial harm.

26. The exposure of Plaintiff's PII to cybercriminals has caused Plaintiff to suffer fear, anxiety, and stress regarding the misuse of their sensitive data. Plaintiff is at an increased risk of identity theft and fraud for years to come due to the permanent nature of the data exposure.

27. Plaintiff anticipates spending considerable time and money on an ongoing basis to mitigate and address the harms caused by the Data Breach, including the costs of credit monitoring, identity theft protection services, and time spent resolving fraudulent accounts.

28. Defendants knew or should have known that ransomware actors were targeting educational entities and that such actors frequently leak corporate and personal information on dark web portals. Despite this knowledge, Defendants failed to take adequate measures to prevent the Data Breach or to promptly notify affected individuals.

29.    Defendants' failure to secure Plaintiff's PII and their failure to provide timely notice of the Data Breach constitute negligence and a breach of their implied contractual duties to protect the confidentiality of student data.

## A.    Dark Web Value and Fraud Risks

30.     The compromised dataset includes highly sensitive student and institutional records managed by Oracle's PeopleSoft Campus Solutions, a central system handling the entire student lifecycle from admissions to financial aid.

31.    Because the exposed data contains personally identifiable information and financial details, it possesses significant value on the dark web, where it can be sold to facilitate identity theft and financial fraud.

32.    The proliferation of anonymous cybercrime forums on the dark web allows these stolen records to be easily traded, creating a direct pathway for criminals to commit fraud using the Plaintiff's and Class Members' information.

33.    As a direct and proximate result of this exposure, the Plaintiff and Class Members face an imminent and ongoing risk of identity theft, financial fraud, and the unauthorized use of their PII for years to come.

34.    Plaintiff has been forced to devote time to mitigate the harm caused by the unauthorized disclosure of their data.

35.    Once data is replicated and resold on the dark web, the risk of fraudulent use persists indefinitely, necessitating injunctive relief to compel Defendants to implement enhanced safeguards and prevent further dissemination of the compromised information.

**B.      Notification Duties and Regulatory Expectations**

36.      On or around June 15, 2026, public reporting from the dark web revealed that over 62 gigabytes of Glendale Community College data, comprising approximately 304,000+ files, were compromised within Oracle's PeopleSoft Campus Solutions.

37.      According to Google Threat Intelligence Group and cybersecurity firm Mandiant, the intrusion occurred when malicious code infiltrated Oracle's PeopleSoft applications between May 27, 2026 and June 9, 2026.

38.      Prior to the public revelation of the breach, Oracle issued a security alert on June 10, 2026, notifying users that the software contained a vulnerability exploitable remotely, yet no specific notification regarding the compromise of Glendale Community College's data was issued to affected individuals at that time.

39.      Defendants owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding PII, which included a responsibility to implement processes to detect a breach in a reasonably expeditious period and to provide prompt notice to those affected.

40.      Adequate notice of a data breach is expected to include specific details regarding the nature of the incident, the categories of PII exposed, and the steps individuals should take to mitigate harm, yet the public reporting from the dark web indicates the breach was the result of a ransomware attack without corresponding direct notification from the Defendants.

41.      The delay in providing direct notice and the reliance on public reporting increased the burden on Plaintiff to monitor for identity theft and fraud, as the Defendants did not timely inform the affected population of the specific risks associated with the ransomware attack.

C.      **FTC Act Section 5 Duties**

42.      The Federal Trade Commission has promulgated numerous guides for businesses which highlight the importance of implementing reasonable data security practices, requiring that the need for data security be factored into all business decision-making.

43.      These guidelines establish that businesses must protect personal information, understand their network vulnerabilities, and implement policies to correct security problems, including the use of intrusion detection systems to expose a breach as soon as it occurs.

44.      Defendants failed to adhere to these duties, as malicious code infiltrated Oracle's PeopleSoft applications.

45.      Defendants' failure to identify foreseeable security risks and remediate them, despite the existence of a known vulnerability for which Oracle issued a security alert, constitutes an unfair and deceptive practice under Section 5 of the FTC Act.

46.      The publication of the compromised data on the dark web indicates the breach was the result of a ransomware attack, creating a heightened risk of identity theft and fraud for the affected individuals whose PII was monetized on the internet black market.

47.      Defendants knew or should have known that their network and data security practices were inadequate to safeguard the PII entrusted to them, and that the risk of a data breach was highly likely given the nature of the data and the sophistication of the threat actors.

48.      Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights, as the fraudulent use of this information may continue for years once stolen data have been sold or posted on the Web.

## CLASS ALLEGATIONS

1. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3), and/or (c)(4) as representatives of the following class:

> Nationwide Class: All individuals in the United States whose PII was compromised in the Data Breach involving Oracle's PeopleSoft Campus Solutions.

49. Numerosity: The Class is so numerous that joinder of all members is impracticable. Based on public reporting indicating over 150,000 student records were compromised and the fact that Oracle serves a vast higher-education network, the Class likely includes hundreds of thousands of individuals. The exact number of Class members and their identities are ascertainable through Defendants' records, including the specific files implicated in the Data Breach.

50. Commonality: This action involves questions of law and fact common to the Class. Common questions include whether Defendants owed a duty to implement and maintain reasonable security procedures to protect PII; whether Defendants were negligent in collecting, storing, and safeguarding such information; whether the Defendants' security measures complied with industry standards and applicable laws during the intrusion window; and whether Defendants failed to provide timely notice of the breach.

51. Typicality: Plaintiff's claims are typical of the claims of the Class members. Plaintiff, a former student of Glendale Community College, suffered the same harm as all other Class members: the compromise of their PII due to the same ransomware attack and security vulnerabilities in the PeopleSoft Campus Solutions system. All Class members face the same risk of identity theft and the same need for mitigation services arising from the Defendants' common course of conduct.

52.     Adequacy: Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no interests antagonistic to those of the Class and has suffered the same injury as the Class members. Plaintiff has retained competent counsel experienced in litigating complex data breach and privacy class actions.

53.     Predominance: Questions of law and fact common to the Class predominate over any questions affecting only individual Class members. The central issues—Defendants' duty of care, the adequacy of their security controls, the scope of the breach, and the timeliness of notice—are common to all Class members and can be resolved through class-wide proof. Individualized inquiries into damages do not predominate because the primary relief sought includes injunctive relief to secure data and statutory damages based on the breach itself.

54.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The cost of litigating individual claims for data breach harms would be prohibitively high for most Class members, effectively denying them a remedy. Class treatment avoids the risk of inconsistent adjudications regarding Defendants' liability and security practices, conserves judicial resources, and provides a mechanism for Defendants to address the systemic failure affecting thousands of individuals in a single proceeding.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Negligence**

55.     Plaintiff realleges and incorporates by reference the factual allegations set forth in the preceding paragraphs as though fully set forth herein.

56.     Plaintiff entrusted their PII to GCC, and by extension to Oracle, with the reasonable expectation that such information would be kept secure and confidential.

10

57.    Defendants owed Plaintiff a duty of care to implement and maintain reasonable and adequate cybersecurity measures to protect the PII entrusted to them. This duty included the obligation to monitor for security vulnerabilities, patch known flaws, and prevent unauthorized access to sensitive student data.

58.    Defendants breached this duty of care through their negligent acts and omissions. Specifically, Defendants failed to adequately protect the PII by: (a) failing to implement sufficient security safeguards to prevent the infiltration of malicious code' (b) failing to timely patch or address the known vulnerability in PeopleSoft Campus Solutions prior to the attack; and (c) failing to adequately monitor their systems to detect the intrusion in a timely manner.

59.    As a direct and proximate result of Defendants' negligence, Plaintiff's PII was exposed and/or stolen. Plaintiff has suffered actual injury, including: (a) required mitigation efforts, including researching the Data Breach and monitoring their financial statements to ensure their information is not used for identity theft and fraud; (b) damages to and diminution of the value of their PII, a form of intangible property that loses value when it falls into the hands of criminals; (c) loss of privacy; and (d) continuous imminent and impending injury arising from the increased risk of financial identity theft and fraud.

60.    As a result of the Data Breach, and the sensitivity of the PII compromised, Plaintiff will continue to be at a substantial and certainly impending risk for fraud and identity theft, and their attendant damages, for years to come.

61.    Plaintiff has suffered fear, anxiety, and stress as a result of the Data Breach, particularly because their PII is now in the possession of cybercriminals. Plaintiff has also experienced a significant increase in suspicious communications, including spam calls and texts,

11

which she reasonably believes are attempts to secure additional information or commit fraud using their compromised data.

62.    Plaintiff has a continuing interest in ensuring that their PII, which remains in Defendants' possession, is protected and safeguarded from future breaches. Plaintiff seeks injunctive relief requiring Defendants to implement improved data security practices to reasonably guard against future breaches of PII in their possession.

63.    Plaintiff alleges that Defendants' conduct was the proximate cause of their injuries. Had Defendants exercised reasonable care in securing the PeopleSoft Campus Solutions environment, the Data Breach would not have occurred, and Plaintiff would not have suffered the injuries described herein.

64.    Plaintiff seeks compensatory damages, consequential damages, and injunctive relief, including the adoption of reasonably sufficient practices to safeguard the PII in Defendants' custody to prevent incidents like the Data Breach from reoccurring in the future, and for Defendants to provide identity theft protective services to Plaintiff and Class Members for their lifetimes.

## SECOND CLAIM FOR RELIEF
### Negligence Per Se

65.    Plaintiff realleges and incorporates by reference the factual allegations set forth in the preceding paragraphs as though fully set forth herein.

66.    The Defendants violated specific statutory and regulatory duties designed to protect the privacy and security of Plaintiff's data. Specifically, Defendants failed to implement and maintain reasonable security measures to protect the unencrypted personal information of Plaintiff

and the Class, in violation of applicable state and federal data security statutes and regulations, including the FTC Act.

67.    The Defendants' failure to protect Plaintiff's data was not merely negligent but constituted a violation of the specific duty of care mandated by law. By failing to adequately secure the PeopleSoft Campus Solutions environment, which serves as the central Student Information System for Defendant Glendale Community College, the Defendants breached the statutory standard of care required to prevent unauthorized access to sensitive student records.

68.    As a direct and proximate result of the Defendants' violation of these statutory duties, Plaintiff has suffered actual injury. These injuries include: (a) the loss of the inherent value of their PII, which has been exposed to cybercriminals; (b) the necessity of incurring out-of-pocket expenses and spending significant time monitoring financial statements and credit reports to detect and prevent identity theft; (c) the loss of privacy and the emotional distress, anxiety, and fear associated with the knowledge that their sensitive data is in the hands of criminals; and (d) the continued, certainly impending risk of financial identity theft and fraud for years to come.

69.    The Defendants' conduct was the sole proximate cause of Plaintiff's injuries. Had the Defendants adhered to the statutory requirements for data security, including the implementation of adequate encryption, access controls, and monitoring protocols, the Data Breach would not have occurred, and Plaintiff's PII would not have been compromised.

70.    Plaintiff seeks compensatory damages for the actual harm suffered, including the diminution of the value of their PII, out-of-pocket mitigation costs, and emotional distress. Furthermore, Plaintiff seeks injunctive relief requiring the Defendants to adopt reasonably sufficient practices to safeguard PII in their custody to prevent future breaches, and to provide lifetime credit monitoring and identity theft protection services to Plaintiff and the Class.

**THIRD CLAIM FOR RELIEF**
**Breach of Implied Contract**

71.     Plaintiff realleges and incorporates by reference the factual allegations set forth in the preceding paragraphs as though fully set forth herein.

72.     At all relevant times, Plaintiff was a student at Defendant Glendale Community College. As a condition of enrollment and the receipt of educational services, Plaintiff was required to provide Defendants with their PII, including but not limited to their name, date of birth, Social Security number, financial aid records, and academic history.

73.     Plaintiff reasonably expected and understood that Defendants, in their capacity as custodians of their sensitive data, would implement and maintain reasonable and adequate security measures to protect their PII from unauthorized access, disclosure, or theft. This expectation was implicit in the contractual relationship formed between Plaintiff and Defendants when Plaintiff entrusted their data to Defendants for the purpose of managing their student lifecycle.

74.     Defendants, specifically Oracle Corporation as the provider of the PeopleSoft Campus Solutions platform and Glendale Community College as the user and data controller, entered into an implied agreement to safeguard Plaintiff's PII. This agreement included an obligation to utilize industry-standard cybersecurity practices, including encryption, access controls, and timely patching of known vulnerabilities, to prevent the type of ransomware attack that occurred.

75.     Defendants breached this implied contract by failing to implement and maintain adequate security measures. Specifically, Defendants failed to adequately protect the data stored within Oracle's PeopleSoft Campus Solutions, allowing malicious code to infiltrate the system.

76. Defendants' failure to secure the system was a breach of the implied duty of care inherent in the contract. Despite knowing or having reason to know of the vulnerabilities in the PeopleSoft software, Defendants failed to take necessary steps to patch the system or notify affected parties until after the breach was publicly reported on the dark web.

77. As a direct and proximate result of Defendants' breach of the implied contract, Plaintiff's PII was exposed, stolen, and disseminated to unauthorized third parties. The Data Breach compromised over 62 gigabytes of data, including approximately 304,000 files, rendering Plaintiff's sensitive information permanently insecure and available for misuse by cybercriminals.

78. Plaintiff has suffered actual damages as a result of this breach, including the loss of the value of their PII, the cost of monitoring their financial and credit accounts to detect identity theft, and the emotional distress caused by the knowledge that their private data is now in the hands of criminals.

79. Plaintiff will continue to suffer injury and will be at a substantial and certainly impending risk of identity theft and fraud for years to come, as the stolen data remains unsecured and is being actively traded on the dark web.

80. Plaintiff seeks compensatory damages for the diminution in value of their PII, out-of-pocket expenses incurred in mitigating the harm, and the cost of future credit monitoring and identity theft protection services. Plaintiff further seeks injunctive relief requiring Defendants to adopt and maintain reasonably sufficient practices to safeguard PII in their custody to prevent future breaches.

## FOURTH CLAIM FOR RELIEF
**Unjust Enrichment**

81.    Plaintiff realleges and incorporates by reference the factual allegations set forth in the preceding paragraphs as though fully set forth herein.

82.    At all relevant times, Plaintiff was a student at Defendant Glendale Community College, a college that utilized Defendant Oracle Corporation's PeopleSoft Campus Solutions software to manage its student information systems, including admissions, enrollment, financial aid, and billing.

83.    Defendants entered into an implied contractual relationship with Plaintiff wherein Plaintiff provided their personally identifiable information and entrusted it to Defendants for the specific purpose of educational administration and management.

84.    In exchange for the services provided by Defendant Glendale Community College and the software infrastructure provided by Defendant Oracle Corporation, Plaintiff provided their private data, which Defendants retained and processed.

85.    Defendants failed to implement and maintain reasonable security measures to protect Plaintiff's PII, resulting in the unauthorized access, exfiltration, and compromise of over 62 gigabytes of data.

86.    As a direct result of the Data Breach, Defendants were unjustly enriched by retaining the value of Plaintiff's PII, which Defendants failed to safeguard despite their duty to do so, and by avoiding the costs associated with implementing adequate security protocols that would have prevented the breach.

87.    Plaintiff's PII was exposed to cybercriminals, causing Plaintiff to suffer actual injury, including the loss of value of their PII, the cost of monitoring their financial accounts, and the risk of future identity theft and fraud.

88.    Defendants' retention of the benefits derived from Plaintiff's data, without providing the reasonable security safeguards promised and required by law, constitutes an unjust enrichment at Plaintiff's expense.

89.    Plaintiff seeks restitution of the value of the PII misappropriated, the costs incurred to mitigate the harm caused by the Data Breach, and injunctive relief requiring Defendants to adopt reasonable security practices to prevent future breaches.

90.    Plaintiff further alleges that Defendants' failure to notify affected individuals in a timely manner, specifically the delay between the discovery of the breach and the public reporting on June 15, 2026, compounded the unjust enrichment by allowing Defendants to continue utilizing compromised data without immediate remediation.

91.    Plaintiff has no adequate remedy at law for the unjust enrichment suffered, as the damages are difficult to quantify and the harm involves the loss of intangible property rights in their PII.

92.    Plaintiff prays for judgment against Defendants for the return of all unjustly enriched benefits, including the value of the compromised data, reasonable attorney's fees, and any other relief the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that the Court:

A.      Certify this case as a class action, and appoint Plaintiff as Class Representatives and the undersigned attorneys as Class Counsel;

B.      Enter judgment in favor of Plaintiff and the Class;

C.      Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and Class members, including reformation of practices and an accounting and purging of wrongfully obtained personal information;

D.      Award all actual, general, special, incidental, statutory, treble, punitive, liquidated, and consequential damages and/or restitution to which Plaintiff and Class members are entitled;

E.      Award disgorgement of monies obtained through and as a result of the wrongful conduct alleged herein;

F.      Award Plaintiff and Class members pre- and post-judgment interest as provided by law;

G.      Enter such other orders as may be necessary to restore to Plaintiff and Class members any money and property acquired by Defendants through their wrongful conduct;

H.      Award Plaintiff and Class members reasonable litigation expenses and attorneys' fees as permitted by law; and

I.      Award such other and further relief as the Court deems necessary and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: June 18, 2026                              Respectfully submitted,

**Law Offices of LIPPE & ASSOCIATES**


*/s/ Emil Lippe, Jr.*
Emil Lippe, Jr.

18

State Bar No. 12398300
Park Place at Turtle Creek
2911 Turtle Creek Blvd., Suite 1250
Dallas, Texas 75219
Tel. (214) 855-1850
Fax. (214) 720-6075
emil@texaslaw.com

*Local Counsel for Plaintiff and the Class*


Christian Levis
Amanda G. Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel: (914) 997-0500
clevis@lowey.com
afiorilla@lowey.com

Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
achristina@lowey.com

*Counsel for Plaintiff and the Class*

19